IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Konica Minolta Business Solutions, USA, Inc., | : | |
| | : | Civil Action 2:06-cv-0071 |
| Plaintiff | : | Judge Graham |
| v. | : | Magistrate Judge Abel |
| Allied Office Products, Inc., | : | |
| Defendant | : | |

# ORDER

On April 28, 2010, counsel for the parties participated in a telephone discovery conference with me. During the conference, defendant/counterclaim plaintiff Jon D. McCarthy's April 9, 2010 motion to compel discovery (doc. 64) was DENIED and his motion for *in camera* inspection of documents withheld as attorney-client privileged (doc. 64) was GRANTED.

The documents in dispute relate to McCarthy's defamation counterclaim. That counterclaim was filed March 7, 2006. McCarthy first served a written discovery request regarding the counterclaim February 8, 2010, just 30 days before the then March 8, 2010 deadline for completing all discovery.

<u>Defamation claims</u>. As ordered by the Court's October 10, 2008 Order, on October 29, 2008, McCarthy filed a statement of his defamation claims (doc. 50). It identifies three defamatory statements:

First Defamatory Comment

>On June 2, 2005, 12:24 p.m., Mr. McCarthy received an e-mail from Terry Hitzeman of Microelectronics, Inc. (d/b/a Micro Center) advising that another company (later determined to be Capitol Copy) had advised Micro Center that Capitol Copy was the only authorized Minolta dealer in Central Ohio. That representation by an as yet unidentified representative of Capitol Copy was a false statement because Allied Office Products, Inc. ("Allied") was still an authorized Minolta dealer on that date. A copy of Mr. Hitzeman's e-mail is attached as Ex. "A".

Second Defamatory Comment

>On or about June 6-8, 2005, Konica Minolta representative Gary Ell accompanied an as yet unidentified representative of Capitol Copy to a meeting with Micro Center representative Terry Hitzeman. At that meeting, it is alleged that Mr. Ell made false and defamatory comments about both Allied and Mr. McCarthy because soon thereafter Micro Center refused to renew all of its existing copier leases with Allied. Plaintiff cannot state with specificity the words spoken by Mr. Ell but will be able to do so after taking the depositions of Mr. Ell, Mr. Hitzeman, and the as yet unidentified representative of Capitol Copy who attended the meeting.

Third Defamatory Comment

>On or about June 9, 2005, Konica Minolta General Counsel Sharon Umhoefer sent Mr. McCarthy a letter advising that Allied was in breach of contract and that if such breach was not cured within sixty (60) days, Konica Minolta would terminate its Dealer Agreement with Allied, effective ninety (90) days from the date of Mr. McCarthy's receipt of the letter. A copy of Ms. Umhoefer's letter is attached as Ex. "B". On or about June 22, 2005, Allied was removed from Konica Minolta's website of authorized dealers. A copy of the webpage from that date is attached as Ex. "C". Allied was never again listed as an authorized dealer on that website.

Counterclaim plaintiff McCarthy further argues that a defamation of Allied defames him individually:

>At the time of each of the three Defamatory Comments set forth above, and at the time of Mr. Ell's statements to Mr. McElfresh, Allied was 100% owned by Jon McCarthy. Therefore, any defamatory comments against Allied were tantamount to defamatory comments against its alter ego, Mr. McCarthy.

2

*Id.*

**Document Request No. 7.** McCarthy maintains that Konica Minolta has not produced all the emails he believes would be responsive to Document Request No. 7. That request reads:

> Copies of all correspondence, internal office memoranda, e-mails and any other business records pertaining in any way to Defendants Allied and McCarthy from January 1, 2005 through December 31, 2005, specifically including but not limited to any and all communications to or from KMBS representatives Gary Ell, John Bates, Fred Slavin, Tom Batten, Ty Hood, and Sharon Umhoefer. . . .

McCarthy believes there should be emails before Gary Ell visited MicroCenter and emails before Konica Minolta removed Allied from the list of authorized dealers on its website. McCarthy also points out that Konica Minolta did not produce six emails he sent to its employees and a seventh forwarded to him by a Konica Minolta employee.

Konica Minolta responds that none of the documents sought is relevant to McCarthy's defamation claims; that to its knowledge there were no other emails; and that, even if there hypothetically would have been responsive emails, Konica Minolta's email retention policy calls for purging emails from the server 90 days after they are received.

Konica Minolta states that it has searched for responsive documents and produced all responsive documents it could find. The Court cannot order production of documents a party states it does not have. By signing a response to a discovery request, the attorney/ party certifies that is complete and correct. See Rule 26(g), Fed. R. Civ. P. Accordingly, the motion to compel further production of documents is DENIED.

**Attorney-client privilege.** Konica Minolta has asserted attorney-client privilege as

to emails sent by and to its in-house counsel Sharon Umhoefer. McCarthy asks that the Magistrate Judge perform an *in camera* inspection of those emails to insure that they do not contain unprivileged information. For example, an email might include an email chain that is not privileged. Konica Minolta's counsel represented that any such emails included in privileged emails have been produced.

The elements of attorney-client privilege are:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Fausek v. White,* 965 F.2d 126, 129 (6th Cir. 1992)(citing *United States v. Goldfarb,* 328 F.2d 280, 281 (6th Cir. 1964)).

*Reed v. Baxter,* 134 F.3d 351, 355-56 (6th Cir. 1998). See, *Guy v. United Healthcare Corp.,* 154 F.R.D. 172, 177 (S.D. Ohio 1993)(King, Magistrate Judge). The party asserting the privilege has the burden of proving each element of the claim. The claim of privilege must be made question-by-question and document-by-document. *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983). A party moving for an *in camera* inspection must make a factual showing adequate to support a good faith belief that the review will uncover unprivileged documents. *See, United States v. Zolin,* 491 U.S. 544, 572 (1989); *In re Richard Roe, Inc.,* 68 F.3d 38, 40-41 (7th Cir. 1995). Groundless fishing expeditions should not be permitted. 491 U.S. at 571.

Here I don't believe McCarthy has demonstrated the likelihood that a review will uncover discoverable documents; however, Konica Minolta has merely asserted the privilege, it has not proved each element of that claim. To do so, it would need to provide an

affidavit(s) establishing each element of the attorney-client privilege as to each document it claims is privileged. I offered Konica Minolta the option of providing the affidavit(s) or submitting the emails for *in camera* inspection. Konica Minolta chose the latter. According, McCarthy's motion for an *in camera* inspection is GRANTED.

s/Mark R. Abel<br>
United States Magistrate Judge